IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Verdell Williams, #264383, ) | |
| ) | Civil Action No. 8:04-1803-CMC-BHH |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| William H. White, Warden, B.R.C.I.; ) | |
| and Henry McMaster, Attorney ) | |
| General for South Carolina, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**PROCEDURAL FACTS**

The petitioner is currently confined in the Broad River Correctional Institution of the South Carolina Department of Corrections (SCDC) pursuant to commitment orders from the Hampton County Clerk of Court. The Hampton County Grand jury indicted the petitioner at the February 2000 term of court for burglary in the first degree (2000-GS-25-004) and first degree criminal sexual conduct (2000-GS-25-003). Attorney Gail Lovell represented him on these charges. On September 10, 2001, the petitioner entered a guilty plea to these charges before the Honorable Perry M. Buckner, who sentenced him to

concurrent sentences of 15 years for each charge, but ordered that this sentence was consecutive to the 15-year sentence he had received in February 2000. The petitioner did not appeal his conviction or sentence.

The petitioner filed an application for post-conviction relief (PCR) on March 18, 2002. He raised the following grounds for relief in his application:

(1)   Trial counsel failed to call witnesses.

(2)    Trial counsel used coercion to induce plea.

(3)   Trial counsel ineffective before and during the plea proceeding.

The State filed a return on May 9, 2002. The Honorable Jackson V. Gregory held a hearing into the matter at the Hampton County Courthouse on June 3, 2002. The petitioner was present and represented by attorney Gerald Allen Kelly. The State was represented by Assistant Attorney General Douglas S. Leadbitter.

The petitioner testified on his own behalf at the hearing. He also presented the testimony of attorney Stephanie Smart. Trial counsel Gail Lovell testified for the State. Judge Gregory also had before him the guilty plea transcript, the Clerk of Court's records regarding the subject convictions, the petitioner's SCDC records, the PCR application, the State's return, and arguments from the parties.

On July 30, 2002, Judge Gregory filed an order in which he denied relief and dismissed the application with prejudice. A timely notice of appeal was served and filed.

Senior Assistant Appellate Defender Wanda H. Haile represented the petitioner in the PCR appeal. On January 28, 2003, Ms. Haile filed a *Johnson*[1] petition for writ of certiorari on the petitioner's behalf and moved to be relieved as counsel. There was only one issue presented in the *Johnson* petition:

---

[1] *Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

2

> Trial counsel was ineffective in failing to explain fully sentencing consequences in the case.

The South Carolina Supreme Court denied certiorari and granted counsel's motion to be relieved in an unpublished order filed on May 30, 2003. The remittitur was sent to the lower court on June 17, 2003.

In his petition now before this court, the petitioner raises the following ground for relief:

> Denial of effective assistance of counsel on grounds that plea was involuntarily entered.

On October 22, 2004, the respondents filed a motion for summary judgment. By order of this court filed October 27, 2004, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. When the petitioner failed to respond, he was given an additional 20 days to do so. The petitioner filed his opposition to the motion on January 31, 2005.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254 (b), (d) and (e), provides, in pertinent part, as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \*\*\*
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was

3

> adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

When presented with an application for habeas relief, the first inquiry is to determine whether the claim raised on habeas was "adjudicated on the merits" by the state court. 28 U.S.C. §2254(d); *see Weeks v. Angelone*, 176 F.3d 249, 257 (4th Cir. 1999), *aff'd*, 528 U.S. 225 (2000). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals set forth the exhaustion requirements under Section 2254:

> In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a §2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues which have been "fairly presented" to the state courts. . . .
>
> To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner.

4

> The exhaustion requirement, though not jurisdictional, is strictly enforced . . . .

*Id.* at 910-11 (citations omitted).

In order to exhaust his claims in state court, a South Carolina petitioner must file an application for relief under the South Carolina Post-Conviction Procedure Act. *See* S.C. Code Ann. §17-27-10, *et seq.* Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed in the Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* §17-27-100; *Knight v. State*, 325 S.E.2d 535, 537 (S.C. 1985).

Exhaustion, for habeas corpus purposes, "includes filing of an application, the rendering of an order adjudicating the issues, and petitioning for, or knowingly waiving, appellate review." *Gibson v. State*, 495 S.E.2d 426, 428 (1998).

## **ANALYSIS**

The petitioner's only ground for relief is that his guilty plea was entered involuntarily. He alleges that he pled guilty only because the State served notice that it intended to seek a sentence of life without parole (LWOP) and his newly-substituted counsel was not prepared for trial (pet. at 6). He asserts that he received ineffective assistance of counsel with regard to his guilty plea.

To prevail on an ineffective assistance of counsel claim, the movant must show (1) that his "counsel's representation fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). To show prejudice in connection with a guilty plea, the petitioner must show that there is a reasonable probability that, but for the alleged ineffective assistance, the defendant would have insisted on going to trial instead of

5

pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner must show that, but for the unprofessional errors, there is a reasonable probability that a reasonable defendant in the petitioner's position would have insisted on going to trial instead of pleading guilty. *See Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). A defendant who enters a plea on the advice of counsel may attack only the voluntary and intelligent character of a plea by showing that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty but would have insisted on going to trial. *Hill*, 474 U.S. at 56-57.

The petitioner's allegation regarding his guilty plea was rejected by the PCR court on the merits and the South Carolina Supreme Court denied certiorari without comment. Thus, this court must look to the state PCR court's order. *See Ylst v. Nunnamaker*, 501 U.S. 797, 803 (1991); *Bennett v. Angelone*, 92 F.3d 1336, 1345 (4th Cir. 1996). The state PCR judge found that the petitioner failed to establish deficient performance on the part of his trial counsel. He found that the petitioner's testimony regarding the deficiencies of his trial counsel was not credible and, further, that the petitioner did not meet his burden to show prejudice (App. 77).

The transcript from the guilty plea proceeding shows that the petitioner clearly understood the consequences of his plea and made an informed, voluntary decision. He specifically indicated to the court that he understood that he was waiving his constitutional rights, including his right to a jury trial, his right to confront witnesses against him and his right to compel witnesses to attend and the requirement of the prosecution to prove his guilt beyond a reasonable doubt (app. 8-9). He also indicated that he understood the terms of the negotiated plea but that he understood that the trial court was not bound by the terms of the negotiation. The petitioner stated that no one had promised him anything beyond the

negotiated plea, nor had anyone threatened him in order to make him plead guilty (App. 9-11).

At the plea proceeding, the petitioner's trial counsel stated that she had advised the petitioner that he was subject to a sentence of life without parole if he were convicted of the charges against him because of a prior burglary conviction. Counsel indicated that the petitioner understood her explanation. The petitioner also stated to the court that he was fully satisfied with his attorney's representation of him. He further stated that he was not under the influence of any drugs or alcohol or other physical or mental condition that would keep him from understanding what he was doing. The petitioner stated that he was pleading guilty to the charges freely and voluntarily and because he was guilty of the charges (App. 11-17).

At the PCR hearing, Stephanie Smart, the petitioner's prior appointed attorney, testified that in the course of investigating another case, she discovered that the victim in the crimes for which the petitioner was convicted had a prior history of exchanging sex for money or drugs. She further testified that she believed this information would have been important to the investigation of the crimes to which the petitioner eventually pled guilty (App. 36-42).

The petitioner testified at the PCR hearing that the victim had consented to sex with him (App. 43-44). He also contended that his trial counsel did not adequately investigate his case. The petitioner further testified that he felt like he was coerced into pleading guilty because his trial counsel was not prepared for trial (App. 45-47).

The petitioner's trial counsel testified that she conducted an investigation. After reviewing the file, she spoke with the petitioner, who gave her his version of what had occurred. She explained to the petitioner the State's evidence against him (App. 55-56). Additionally, counsel spoke with the victim, who claimed that the petitioner forced his way into her house and raped her. Counsel testified that she found the victim to be a very

compelling witness (App. 56-57). She further testified that the petitioner never gave her names of any witnesses to contact (App. 68). Trial counsel stated that she was ready to go to trial (App. 57-58).

The PCR court's rejection of the petitioner's claim for relief did not result in an unreasonable application of *Hill* and *Strickland*, and was not based upon an unreasonable determination of facts in light of the state court record. Therefore, this petition is without merit.

In his response to the respondents' motion for summary judgment, the petitioner asserts "there is another case pending in the lower court whose adjudication thereon would have direct impact and affect certain relevant, constitutional claims in the adjudication of this case, it would behoove this Petitioner to move for a dismissal (without prejudice) of this federal action pursuant to *Rose v. Lundy*, 455 U.S. 509, 515-526 (1982)." The petitioner provides no other information, and the court has none, as to another pending case. *Rose v. Lundy* requires a federal district court to dismiss a state prisoner's habeas corpus petition containing both unexhausted and exhausted claims. The record here does not indicate that the petitioner has any unexhausted claims. Indeed, the respondents indicate in their memorandum that the exhaustion requirement has been satisfied. Accordingly, the petitioner's argument is without merit.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, it is recommended that the respondents' motion for summary judgment be granted.

s/Bruce H. Hendricks
United States Magistrate Judge

June 28, 2005

Greenville, South Carolina

8